**IN THE UNITED STATES DISTRIC COURT
CENTRAL DITRICT OF ILLINOIS
PEORIADIVISION**

| | |
|---|---|
| JOHN W PARROT, JR., <br>    Plaintiff <br><br> v. <br><br> KEY INDUSTRIES, INC., <br>    Defendant | No. 1:12cv01069 |

**ORDER**

Before the Court are: (1) Defendant's Motion to Seal (Doc. 49) and (2) Plaintiff's Motion to Strike the documents which are the subject of that motion (Doc. 54).

The Defendant seeks to file under seal a number of emails related to the termination of its relationship with some of its former sales representatives, none of whom are parties to the current action. (Doc. 49 at ECF p. 1). The defendant seeks to rely upon these emails in its Response to Plaintiff's Motion to Compel (Doc. 52) in support of its assertion that no "procuring cause" approach was used when its relationship with other sales representatives were terminated. (Doc. 52 at ECF p. 10).

The Plaintiff objects to filing the documents under seal and moves to strike them. (Doc. 54). In support of its motion to strike, the Plaintiff argues (among other things) that Defendant failed to provide an explanation of how the documents in question meet the legal standards for filing sealed documents. Doc. 54 at ECF p. 4).

Local Civil Rule 5.10(A)(2) states that "[t]he Court does not approve the filing of documents under seal as a general matter," and any motion to file a document under seal "must include an explanation of how the document meets the legal standards for filing sealed documents." The Seventh Circuit Court of Appeals in *Baxter International v Abbott Laboratories,* 297 F3d 544 (7th Cir 2002) explained at length the general policy behind courts' disfavor of parties filing documents under seal. Moreover, although a protective order may properly

safeguard the confidentiality of disclosures made between parties, the interests of maintaining confidentiality between parties during the discovery phase of a case and the interest of the public's right of access to court proceedings and documents is quite different.  See *Grove Fresh Distributors v Everfresh Juice Co.*, 24 F3d 893, 897 (7th Cir 1994).  In other words, what may be properly included in a protective order between the parties should not necessarily be hidden from the public when a party seeks to introduce such evidence into the official court record in the case.

Turning to the merits of the Defendant's motion with these principles in mind, the Court first finds that there is nothing in the nature of the documents submitted for filing under seal as to require their being kept from the public.  As Defendant notes in its publicly filed Response, the documents in question are emails between itself and former sales representatives upon termination of their relationships. (Doc. 52 at ECF pp. 10-11).  These documents are not trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), or information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault).  See *Baxter*, 297 F3d at 546-47. Moreover, should this case proceed to trial and the Defendant (or Plaintiff for that matter) seek to introduce the documents at trial, the documents would unquestionably go into the public record in the case.  There is no principled reason to seal the documents during the discovery phase of the case but not during the trial phase.

Second, the Court notes that the documents as submitted by the Defendant in its Motion to Seal do not reveal the names of any email recipients. Therefore, any privacy interests held by the recipients of the emails are protected by the redaction of their names.

Third, at this phase in the litigation, the documents the Defendant seeks to file under seal need not be filed at all (under seal or otherwise) in order for the Court to decide the Motion to Compel or the Motion for Protective Order. The parties are not asking this Court to definitively decide whether the industry standard in agreements similar to the one between Plaintiff and Defendant is a "procuring cause" standard. The Court does not have before it a motion for summary judgment where the introduction of such evidence might be necessary to decide the issue as a matter of law or undisputed material fact; rather, the Court has before it cross discovery motions. Here, the standard is whether the matters at issue in the parties' motions are "relevant to any party's claim or defense" or "the discovery appears reasonably calculated to lead to the discovery

of admissible evidence." FRCP 16(B)(1). Defendant's assertion in its publicly filed response that it has email evidence to support its position that a "procuring cause" standard was not used in at least some instances when its relationships with sales representatives were terminated is sufficient to allow it to argue the points it seeks to make. The actual introduction into the Court record of the documents sought to be filed under seal is not necessary at this stage in the litigation.

WHEREFORE, Defendant's Motion to Seal (Doc. 49) is DENIED. Pursuant to Local Civil Rule 5.10(A)(4), the documents tendered by the Defendant "will remain under seal, and it will not be considered" by the Court for any purpose. If the Defendant wishes to have the documents considered by the Court, the documents must be "re-filed in the normal fashion as an unsealed document." *Id.* In light of the denial of Defendant's Motion to Seal and Local Civil Rule 5.10(A)(4), Plaintiff's Motion to Strike (Doc. 54) is MOOT.

Entered on March 18, 2014

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE
